UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOYA KIM MAYNARD, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RANDALL RACKLIFFE, | * * * * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | DOCKET NO.: |
| | * | |
| v. | * | |
| | * | |
| SHAW'S SUPERMARKETS, INC., | * | |
| | * | |
| Defendant. | * | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Joya Kim Maynard, as Personal Representative of the Estate of Randall Rackliffe, by and through her attorneys, states as follows:

**PARTIES**

1. Joya Kim Maynard ("Kim") is a citizen of Mars Hill, Aroostook County, and State of Maine.

2. Kim is the sister of Randall Rackliffe ("Randy") and is the duly-appointed Personal Representative of his Estate.

3. Before his death, Randy was a citizen of Saco, York County, State of Maine.

4. Defendant Shaw's Supermarket, Inc. ("Shaw's") is a corporation with a principal place of business in West Bridgewater in the State of Massachusetts.

5. Shaw's owns and operates supermarkets throughout Maine as well as in other parts of New England.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c), because the value exceeds $75,000 and the parties are citizens of different states.

7. Pursuant to 28 U.S.C § 1391(b)(2) and D. Me. L.R. 3(h), venue is proper because a substantial activities, incidents, events, and occurrences giving rise to this cause of action occurred in York County in the State of Maine.

## FACTUAL BACKGROUND

8. At all times relevant to this Complaint, Randy was a truck driver for Brown Dog Carriers and Logistics, a trucking company that provides freight transportation for Shaw's and other companies.

9. On January 18, 2026, Randy picked up a trailer from the Shaw's Distribution Center in Wells, Maine.

10. When Randy picked up the trailer, it was already full of merchandise.

11. Upon information and belief, the trailer was packed by Shaw's employees.

12. At the back of the trailer were pallets containing 50-pound bags of Morton's Safe-T-Salt stacked on top of shrink-wrapped cases of bottled water.

13. Upon information and belief, the pallets were unstable and improperly secured.

14. Randy drove the trailer from Wells to a Shaw's store in Raynham, Massachusetts.

15. At the Raynham store, Shaw's employees began moving the pallets of water and rock salt out of the trailer.

16. Randy was standing to the side of the Shaw's employees in the trailer, holding steady a pallet containing paper products in order to make it easier for the Shaw's employees to extract the pallets of water and rock salt.

17. As the Shaw's employees moved the pallets of water and rock salt, the bags of rock salt tipped over, striking and crushing Randy.

The contents of the collapsed pallets



18. Randy remained hospitalized for the remainder of his life.

19. He died as a result of his injuries on September 12, 2026 at Maine Medical Center in Portland, Maine.

**COUNT I: SURVIVAL CLAIM**

20. Plaintiff re-alleges the preceding allegations.

21. Defendant Shaw's Supermarket, Inc, acting through its agents and employees, failed to meet the standard of care of a reasonable grocer in loading and unloading its goods. Its negligence included, but was not limited to, the following:

a. failing to appropriately unitize its goods;

b. failing to appropriately secure its goods to their pallets;

c. stacking goods in an unsafe and inappropriate manner;

d. failing to unload its goods in a safe and appropriate manner;

e. failing to adequately and appropriately train its employees on stacking, securing, and unloading its goods;

f. failing to have policies and procedures in place to ensure its goods were stacked, secured, and unloaded in a safe and appropriate manner.

22. As a result of Defendants' negligence, Randall Rackliffe suffered catastrophic, multisystem trauma from his crush injury.

23. Plaintiff, as Personal Representative of the Estate of Randall Rackliffe, seeks all categories of damages recoverable, including pecuniary injuries; medical expenses; loss of future wages and earning capacity; conscious pain and suffering; and emotional distress.

**COUNT II: WRONGFUL DEATH**

24. Plaintiff re-alleges the preceding allegations.

25. Defendant Shaw's Supermarket, Inc, acting through its agents and employees, failed to meet the standard of care of a reasonable grocer in loading and unloading its goods. Its negligence included, but was not limited to, the following:

a. failing to appropriately unitize its goods;

b. failing to appropriately secure its goods to their pallets;

c. stacking goods in an unsafe and inappropriate manner;

d. failing to unload its goods in a safe and appropriate manner;

e. failing to adequately and appropriately train its employees on stacking, securing, and unloading its goods;

f. failing to have policies and procedures in place to ensure its goods were stacked, secured, and unloaded in a safe and appropriate manner.

26. As a result of the negligence detailed above, Randall Rackliffe died.

27. Plaintiff, as Personal Representative of the Estate of Randall Rackliffe, seeks all categories of damages recoverable pursuant to Maine's Wrongful Death Act, 18-C MRSA Section 2-807, including pecuniary injuries; medical, surgical and hospital care and treatment; reasonable funeral expenses; loss of comfort, society and companionship of the deceased; and emotional distress.

WHEREFORE, Plaintiff requests a judgment against Defendants for:

1. Compensatory general and special damages authorized by law to the Estate of Randall Rackliffe, including but not limited to all available damages for Randy's mental anguish, physical pain and suffering, pecuniary loss, loss of enjoyment of life and wrongful and premature death;

2. Costs, attorneys' fees, interest, and other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38, Plaintiff hereby demands a jury for all issues so triable.

Date: October 27, 2026

/s/ Taylor A. Asen

Taylor A. Asen, Esq., Me. Bar No. 5832
Rosalie B.C. Wennberg, Esq.,

Me. Bar No. 10316
*Attorneys for Plaintiff*
Gideon Asen, LLC
95 Main Street, #5
Auburn, ME 04210
(207) 206-8982
service@gideonasenlaw.com